# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

_____
                                        )
In re:                                  )
                                        )
NORTH CENTRAL PROCESSORS, INC.          )   Chapter 11
                                        )   Case No. 09-43518-JBR
                                        )
              Debtor                    )
_____  )

## UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE OR TO CONVERT CASE TO CHAPTER 7

### (EXPEDITED DETERMINATION REQUESTED)

The United States Trustee ("UST") moves, pursuant to 28 U.S.C. § 586(a)(3)(G) and 11 U.S.C. § 1112(b), this Court to enter an order dismissing this case or converting this case to chapter 7. As grounds for dismissal, the UST states as follows:

1. On August 27, 2009, North Central Processors, Inc., ("Debtor"), filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2. The matter set forth herein constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The Debtor is operating as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.   No trustee, examiner or creditors committee has been appointed in this case.

5.   At present, the Debtor is unrepresented by counsel, the Court having denied, without prejudice, on August 26, 2010, Amended Joint Application to Employ Counsel.

6.   Rule 9010-1(c) of the Massachusetts Local Bankruptcy Rules provides that, but for certain limited exceptions not here relevant, a corporation shall appear only through counsel.  See MLBR 9010-1(c).

7.   The Debtor's failure to appear through counsel is a violation of MLBR 9010-1(c).  The Debtor is unable, as a corporation appearing pro se, to effectuate a chapter 11 plan, which constitutes cause for dismissal pursuant to 11 U.S.C. § 1112(b).

8.   Documents provided to the UST by the Debtor indicate that Debtor's insurance coverage terminated on August 31, 2010, and the Debtor has failed to provide to the UST evidence that the Debtor currently has in force appropriate insurance coverage.

9.   The Debtor's failure to maintain appropriate insurance puts the public and the creditors of the bankruptcy estate at substantial risk. The Debtor's failure to

carry the requisite insurance also renders the Debtor incapable of effectuating a plan, thus again constituting cause for dismissal pursuant to 11 U.S.C. § 1112(b).

   **WHEREFORE**, the United States Trustee prays that this Court enter an order dismissing this case or converting the case to chapter 7, and for such other relief as is right and just

        **Respectfully submitted**,

        **JOHN P. FITZGERALD**
        **Acting United States Trustee**

     **By:**  **/s/ Lisa D. Tingue**
        **Lisa D. Tingue (BBO No. 633275)**
        **United States Department of Justice**
        **Office of the United States Trustee**
        **446 Main Street, 14th Floor**
        **Worcester, MA 01608**
        **Telephone: (508) 793-0555**
        **Fax: (508) 793-0558**
**Date: September 3, 2010**  **Email: lisa.d.tingue@usdoj.gov**